## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **JOSEPH DOLE,** | **)** | |
| | **)** | |
| **Plaintiff,** | **)** | |
| | **)** | **Civil Case No.   04-61-DRH-PMF** |
| **vs.** | **)** | |
| | **)** | |
| **CORRECTIONAL OFFICER** | **)** | |
| **CHANDLER, et al.,** | **)** | |
| | **)** | |
| **Defendants.** | | |

## REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court are two Rule 56 motions.  Plaintiff filed this action pursuant to 42 U.S.C. § 1983 and state law, challenging the conditions of his confinement in March, 2002.   The first motion (Doc. No. 91), was filed by defendant Chandler, who seeks partial summary judgment. Chandler targets plaintiff's claims that rights protected by the Eighth Amendment (part of Count I) and state law (part of Count II) were violated when he was transferred to Tamms Correctional Center in freezing weather without adequate heat and improperly placed on suicide watch upon arrival.  Chandler argues that there is insufficient evidence of his personal involvement.

In the second motion (Doc. No. 97), defendants Biggs, Hess, Hinsley, and Rhodes seek summary judgment in their favor on the claims in Counts I and II, asserting various arguments addressed below.  Both motions are opposed (Doc. Nos. 98, 102).

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to

any material fact and that the moving party is entitled to a judgment as a matter of law."   Fed. R.

Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).   To determine whether

there is a genuine issue of material fact, all facts are construed in the light most favorable to the

non-moving party and all reasonable and justifiable inferences are drawn in favor of that party. *See*

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

## Count I - § 1983

### I.      Personal Involvement

Defendants Chandler, Biggs, and Hess seek judgment in their favor on plaintiff's § 1983

claim (Count I) on the basis that the evidence does not show their personal involvement in the

conditions plaintiff experienced at Tamms Correctional Center on March 16, 2002.   Plaintiff

maintains that these defendants are liable for the series of incidents beginning on March 15, 2002.

He also argues that liability could rest on theories of conspiracy or failure to protect from a known

risk of serious injury.

The material facts, viewed in plaintiff's favor, are summarized as follows.   On March 15,

2002, while plaintiff was confined at Menard Correctional Center, he slapped an assistant warden.

Defendants Biggs and Hess restrained plaintiff against a fence while other officers hit him in the

head and pushed him into the fence.   Defendant Chandler escorted plaintiff to the health care center,

where he was beaten by several individuals.   The following day, plaintiff was transported from

Menard Correctional Center to Tamms Correctional Center.   During the trip, the escorting officers

lowered windows, causing cold air to blow into the vehicle.   When plaintiff complained about the

extreme cold temperature, the escorting officers threatened to shoot him.   Defendant Chandler was

not a member of the transport team.

After plaintiff arrived at Tamms Correctional Center, he was isolated and his access to personal property was restricted for four days, at the direction of defendants Rhodes and Hinsley. Defendant Chandler was not involved in this aspect of plaintiff's confinement.

The first aspects of plaintiff's Eighth Amendment claim should be resolved under the standard of proof set forth in *Hudson v. McMillian*, 503 U.S. 1 (1992)(requiring proof that force was inflicted maliciously and sadistically for the purpose of causing harm and not a good faith effort to restore discipline, but not requiring proof of significant injury). The latter aspects of plaintiff's Eighth Amendment claim should be resolved by applying the standard of proof discussed in *Farmer v. Brennan*, 511 U.S. 825, 834, 837 (1994) and *Rhodes v. Chapman*, 452 U.S. 337, 347(1981)(prisoners are entitled to the minimal civilized measure of life's necessities). In some circumstances, the Supreme Court has declined to break Eighth Amendment claims into subcategories. *See Porter v. Nussle*, 534 U.S. 516, 527 (2002)(Eighth Amendment claims are not disaggregated for purposes of the exhaustion requirement).

The personal involvement element is an aspect of causation. Like the exhaustion requirement, causation applies to all types of Eighth Amendment claims. Before plaintiff may recover damages from defendants Chandler, Biggs, and Hess, he must prove that they were personally involved in an Eighth Amendment deprivation. *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir.1983). Because plaintiff will prove his Eighth Amendment claim by presenting evidence of a series of events causing injury, attributing those injuries to a particular cause or defendant is not a matter for summary judgment. The better solution is to permit the trier of fact to evaluate the evidence and resolve issues of causation. Partial summary judgment on Count I should be denied.

## II.      Use of Physical Force

Defendants Biggs and Hess also seek judgment in their favor, arguing that plaintiff cannot prove that they applied excessive force when they restrained him after he slapped the assistant warden.  Plaintiff argues that the evidence would support a finding that these defendants violated the Eighth Amendment when they stood by and did nothing while other officers pushed him and hit him, although he offered no resistance and was not able to defend himself.[1]

A failure to intervene to prevent direct harm will support a finding of liability under § 1983. *See Yang v. Hardin*, 37 F.3d 282, 285 (7th Cir.1994).  Viewing the evidence in plaintiff's favor, a rational jury could infer that defendants Biggs and Hess were present when other correctional officers inflicted physical force, that they knew the force used was gratuitous and excessive under the circumstances, and that they could have intervened to prevent harm but made no effort to do so. Summary judgment is unwarranted under these circumstances.

## III.     Conditions on Suicide Watch

Defendants Hinsley and Rhodes seek summary judgment in their favor, arguing that the conditions plaintiff experienced on suicide watch were not harsh, lasted only four days, and caused no physical injury.  Plaintiff argues that these defendants are liable for malicious infliction of punishment under the standard for excessive applications of force.

Plaintiff's argument is not persuasive, considering the lack of evidence that Hinsley or Rhodes applied force.  Rather, these defendants placed or maintained plaintiff on suicide watch, a restrictive form of confinement that prevented him from having access to soap, writing materials,

---

[1] Plaintiff also suggests that the evidence would support liability for a claim of conspiracy. Because a conspiracy claim has not been alleged, that possibility is not considered as grounds to avoid summary judgment.

and other items of personal property, and also restricted his access to a shower.  These conditions

lasted four days.  During this time, plaintiff wore a see-through jumpsuit with a broken zipper.  He

was dirty and could not clean himself.  He had a toilet and a greasy mattress but had trouble

sleeping.  He did not have an opportunity to write to his family and skipped some meals.  He felt

debased and humiliated, but did not suffer any physical harm.

This evidence could not support plaintiff's Eighth Amendment claim against defendants

Hinsley or Rhodes.  Conditions that are harsh, uncomfortable, temporary, and not a cause of injury

do not violate the Eighth Amendment.  *See Harris v. Fleming*, 839 F.2d 1232, 1235 (7th Cir.1988);

*Adams v. Pate*, 445 F.2d 105, 108, 109 (7th Cir.1971).  Defendants Hinsley and Rhodes are entitled

to judgment in their favor on Count I.

### IV.    Qualified Immunity

Defendants Biggs and Hess also argue that they have qualified immunity from an award of

damages.  In order to resolve this argument, the court first decides whether the alleged conduct

violated a Constitutional right, taking the facts in the light most favorable to plaintiff.  If so, the

Court considers whether the right was clearly established in the light of the specific context of the

case.  *Saucier v. Katz*, 533 U.S. 194, 201 (2001).

These defendants suggest that the force they used was justified and/or resulted in no injuries.

Plaintiff can present facts supporting a finding that these defendants stood by while other officers

repeatedly inflicted gratuitous force approximately twelve times.  While the evidence does not

suggest that plaintiff suffered physical injury at this time, proof of a serious injury is not a

prerequisite to recovery for an Eighth Amendment claim based on excessive force.  *Outlaw v.*

*Newkirk*, 259 F.3d 833, 837-838 (7th Cir. 2001).  The relevant inquiry – well established in 2002 – is whether force was used maliciously and sadistically to cause harm.  *Hudson v. McMillian*, 503 U.S. 1, 7(1992).

## Count II - State law violation

### I.      Public Official Immunity

Defendants Hinsley and Rhodes assert pubic official immunity, claiming that their acts were uniquely governmental functions.  Plaintiff responds that public official immunity does not apply to this case, which asserts the intentional use of force.

Public official immunity is a common law doctrine that protects public officials from personal liability for the good faith performance of their discretionary duties which are unique to the public office. *Currie v. Lao*, 592 N.E.2d 977, 983-84 (Ill.1992).

As noted above, the evidence could not support a finding that defendants Hinsley or Rhodes used force against the plaintiff.  Rather, they were involved in the decision to confine plaintiff under restricted conditions.  The materials on file indicate that defendant Rhodes' conduct was based on an administrative order rather than the exercise of a discretionary duty.  The facts regarding defendant Hinsley's conduct are insufficiently developed to permit a finding that his conduct falls within the boundaries of the public immunity doctrine.  If Hinsley acted willfully or maliciously, the doctrine does not apply.  *See Midamerica Trust Co. v. Moffatt*, 511 N.E.2d 964, 969 (Ill. App.1987).

## Conclusion

IT IS RECOMMENDED that defendant Chandler's motion for summary judgment (Doc. No. 91) be DENIED.

IT IS FURTHER RECOMMENDED that defendants Biggs, Hess, Hinsley, and Rhodes' motion for summary judgment (Doc. No. 97) be GRANTED in part and DENIED in part.  At the close of this case, judgement should enter in favor of defendants Hinsley and Rhodes on Count I.

**SUBMITTED:** __November 21, 2007__ .

*s/Philip M. Frazier*
**PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**