IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**JOSEPH DOLE,**

**Plaintiff,**

**v.**                           NO. 04-CV-61-DRH

**CORRECTIONAL OFFICER
CHANDLER, et al.,**

**Defendants.**

## ORDER

**HERNDON, Chief Judge:**

Now before the Court is an objection (Doc. 109), filed by Defendants Biggs, Hess, Hinsley and Rhodes[1] pursuant to Local Rule of the Southern District of Illinois 73.1(a), appealing United States Magistrate Judge Philip M. Frazier October 9, 2007 Order (Doc. 105). In that Order (Doc. 105), Judge Frazier denied Defendant's motion to reconsider Judge Frazier's Order denying Defendant's motion to compel (Doc. 99.) In both Orders (Docs. 99, 105), Judge Frazier held that Plaintiff should not be compelled to answer why he slapped Warden Frenzel because it might subject him to further prosecution. The Court agrees. Plaintiff is correct in his assessment that Plaintiff remains subject to prosecution for activities that might be construed to be part of a larger on-going conspiracy. Furthermore, if it is alleged that

---

[1] Since Defendants Biggs, Hess, Hinsley, and Rhodes filed the objection (Doc. 109), the Court entered an Order granting Defendants Hinsley and Rhodes summary judgment (Doc. 120).

Plaintiff was part of a conspiracy, the statute of limitations defense would not be available to Plaintiff unless he was also able to prove that he had disavowed or abandoned the conspiratorial agreement.  ***See United State v. Reed*, 658 F.2d 1225, 1232 (7th Cir. 1981)**.  The Court finds that there is more than a "fanciful possibility" that Plaintiff might be subjected to further prosecution, ***see In re Folding Carton Antitrust Litigation*, 609 F.2d 867, 871 (7th Cir. 1979)**; therefore, the Court holds that Plaintiff's claim of Fifth Amendment privilege is well taken.  Moreover, the Court agrees with Plaintiff that his motive for hitting the warden is irrelevant in this case.

Judge Frazier's decision was neither contrary to law nor clearly erroneous.  Accordingly, the Court declines to set aside Judge Frazier's Order. (Doc. 105.)  **See S.D. Ill. Local Rule 73.1(a)** ("A District Judge of the court shall reconsider the matter and shall set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to law.").  Defendants' objection to Judge Frazier's Order is **DENIED**. (Doc. 105.)  In addition, Plaintiff's motion for leave to file supplemental response to Defendants' objection is **DENIED AS MOOT**. (Doc. 123.)

**IT IS SO ORDERED**.

Signed this 13th day of May, 2008.

/s/     *DavidRHerndon*

**Chief Judge
United States District Court**