# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

**JOSEPH DOLE, #K-84446,**

**Plaintiff,**

**v.**

**CORRECTIONAL OFFICER CHANDLER, et al.,**

**Defendant.**                                            **No. 04-61-DRH**

**ORDER**

**HERNDON, Chief Judge:**

Now before the Court are two pending motions for sanctions: Plaintiff's motion for sanctions for violation of HIPPA (Doc. 150) and Plaintiff's motion for sanctions for failure to update discovery and failure to comply with orders (Doc. 151). Plaintiff has also filed a motion to bar Defendants from submitting jury instructions (Doc. 163). Having considered all of the facts and arguments presented in the parties' briefs, the Court rules as follows.

**A.    Violation of HIPPA**

Plaintiff has filed a motion for sanctions for violation of HIPAA (Doc. 150). Specifically, Plaintiff argues that Defendants violated HIPPA when they obtained Plaintiff's medical records without first asking the Court to enter a qualified HIPPA order and asking for the records in the ordinary course of discovery. Plaintiff alleges that he initially asked Defendants for his medical records in his initial request

for production of documents in May 2004 but that Defendants objected to providing the record because it was "readily available from a more convenient source." When Defendants submitted their draft of the final pretrial order, however, Plaintiff's medical records were listed as an exhibit. Plaintiff argues that Defendants' attorneys obtained Plaintiff's medical records without any legal authority and falsely stated to both the Plaintiff and Magistrate Judge Frazier that the records were not in their possession. Plaintiff further argues that Defendants violated HIPAA and Illinois' medical privacy rules and Defendants' counsel repeatedly made misleading statements to cover up the violations. Plaintiff also argues that Defendants have misled the Court in their response by suggesting that the Illinois Department of Corrections (IDOC) has custody of Plaintiff's medical records (Doc. 155).

Defendants have filed a response to Plaintiff's motion (Doc. 152). Defendants state that Plaintiff's attorney, in his request for documents, requested Plaintiff's medical records which Defendants' attorney forwarded to Tamms Correctional Center. Defendants allege that IDOC had custody of the medical records. After receiving the records from IDOC, Defendants then objected to providing the documents since inmates in IDOC can obtain copies of their records for a payment of a copying fee. On June 25, 2008, Defendants' counsel provided Plaintiff's counsel with a copy of the records after Judge Frazier ordered Defendants to provide Plaintiff with a copy. Plaintiff had raised concerns about Defendants' possession of the records at the final pretrial conference when Plaintiff discovered that the records were listed on Defendants' exhibit list.

Defendants further argue that there has been no violation of HIPAA. Defendants argue that Plaintiff's counsel made the request to Defendants to produce Plaintiff's medical records and that the request presupposes that the documents will come under the possession of Defendants' counsel. Defendants state that if Plaintiff didn't want Defendants' counsel to obtain the records, it could have issued a subpoena to IDOC, which was the custodian of the records. Instead, IDOC gave the records to Defendants' counsel when he produced the request to produce and then Defendants' counsel objected to providing the requested documents because they were readily available to Plaintiff.

The Court notes that Plaintiff has not followed the proper procedure for seeking sanctions. Plaintiff does not even state which Rule he is seeking sanctions under. As Defendants note, Plaintiff admits that the issue of Defendants' counsel's possession of Plaintiff's medical records is not discovery related[1], so it does not appear that he is seeking sanctions under **FEDERAL RULE OF CIVIL PROCEDURE 37**. Further, if he is seeking sanctions under **FEDERAL RULE OF CIVIL PROCEDURE 11** for Defendants' counsel's "repeated misleading statements" to the Court, Plaintiff has not followed the proper procedure. Under Rule 11, a motion for sanctions "must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)." **FED. R. CIV. PRO. 11(c)(1).** Further, the motion "must

---

[1] In an email to Defendants' counsel, Plaintiff's counsel admits that the issues raised by Defendants' counsel's possession of the Plaintiff's medical records it is not a discovery issue. Instead, Plaintiff argues that the question raised by the possession of medical records is a question of illegally obtained evidence.

be served on the opposing party but 'shall not be filed with or presented to the court unless within 21 days after service of the motion (or such other period as the court may prescribe), the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected.'" **Methode Electronics, Inc. v. Adam Technologies, Inc.**, 371 F.3d 923, 926 (7th Cir. 2004) (quoting FED. R. CIV. PRO. 11). Plaintiff has not followed these procedures. Plaintiff has also not presented any Rule or case law allowing discovery sanctions for an alleged violation of HIPAA.[2] Therefore, the Court **DENIES** Plaintiff's motion for sanctions (Doc. 150).

The Court further notes that Illinois physician-patient privilege and **Petrillo v. Syntex**, 148 Ill.App.3d 581 (1st Dist. 1986) are not applicable in this case. "Federal common law has not historically recognized a privilege between patients and physicians." **U.S. v. Bek**, 493 F.3d 790, 801 (7th Cir. 2007) (citing **Northwestern Mem'l Hosp. v. Ashcroft**, 362 F.2d 923, 926 (7th Cir. 2004)). Further, Illinois' more stringent standard under HIPAA does "not impose state evidentiary privileges on suits to enforce federal law." **Northwestern, 362 F.3d at 925**. Plaintiff also suggests that there has been a HIPAA violation because Wexford and not IDOC is the custodian of the records. However, after a review of the contract between Wexford and IDOC, nothing in the contract provides that Wexford, and not IDOC, is the custodian of inmate's medical records. (Doc. 155, Ex. 1 & 2). The Court finds, therefore, that IDOC is the custodian of the records.

---

[2] Plaintiff admits that his counsel has found no federal case law in which a Court has imposed sanctions for a violation of HIPAA.

## B. Failure to Update Discovery and Failure to Comply with Orders

Plaintiff has also filed a motion for sanctions for failure to timely update discovery responses and violation of Magistrate Judge Frazier's orders (Doc. 151). Plaintiff argues that Defendants failed to timely update their discovery responses and failed to comply with Magistrate Judge Frazier's June 16, 2008 Order by failing to provide Plaintiff with the contact information of Sgt. Tom Davison[3] and Ms. Sharon Draves. Specifically, Plaintiff argues that Defendants failed to update their response to Plaintiff's Interrogatory #6, requesting the full name and addresses of all persons present in the Menard Health Care Unit at the time Plaintiff was in the unit.

Plaintiff further argues that Defendants failed to comply with Magistrate Judge Frazier's June 16, 2008 Order. On June 16, 2008, Magistrate Judge Frazier held a final pre-trial conference and, at that time, ordered Plaintiff to provide Defendants with 10 "first choice" witnesses. Judge Frazier also ordered Defendants to either obtain consents for those witnesses to be served through the Department of Corrections or by counsel, or provide Plaintiff with their home address. Plaintiff argues that Defendants failed to comply with the Court's order by failing to submit

---

[3] There seems to be some confusion on the issue of Sgt. Tom Davison. In Plaintiff's motion for sanctions he refers to a Sgt. Tom Davison. However, as Defendants' point out, Thomas Davison was not listed on the final pretrial order or on Plaintiff's priority witness list. Defendant states that Plaintiff instead listed Thomas Davidson on his witness list and included an address for Illinois State Police (ISP), leading Defendants to believe they were looking for an ISP Sgt. by the name of Thomas Davidson. Plaintiff's counsel admits that he mistakenly identified Thomas Davidson as an employee of the Illinois State Police rather than the Illinois Department of Corrections. Plaintiff withdraws his motion for sanctions as to Davidson.

a response by the July 12 deadline established by Judge Frazier. Defendants instead filed a motion for modification of the June 16 Order, which Judge Frazier granted in that he granted Defendants additional time to provide the last known address of certain witnesses, including Ms. Sharon Draves. Plaintiff argues that Defendants failed to comply with the Order.

Defendants respond that arranging for the service of subpoenas of the witnesses be made at Menard alleviated the need to update Interrogatory #6 and that they did not have Ms. Draves' current contact information prior to their receipt of Plaintiff's list of priority witnesses on June 16, 2008 (Doc. 154). Further, Defendant argues that they were granted additional time in which to respond to the June 16 Order and that Plaintiff waived any claims that the addresses were not provided in a timely manner on July 25, 2008 because Plaintiff agreed to allow Defendants additional time to "iron out" a proposed protective order pursuant to the Court's Order on July 23, 2008. Defendants also point out that it would have been unlikely that Plaintiff would have been able to serve a subpoena on Ms. Draves if Plaintiff had received the updated contact information on July 25, 2008, as Ms. Draves left the state on July 29, 2008.

The Court first points out that Plaintiff has failed to cite any Rule or law which would allow them to obtain sanctions. Presumably Plaintiff, though he does not state, is seeking sanctions under **FEDERAL RULE OF CIVIL PROCEDURE 37**. While Defendants did file a motion for modification of the June 16, 2008 Order, they did

so after the July 12 deadline. Defendants could have filed a motion to reconsider that Order before the deadline. While the Court does note that Defendants should have timely complied with the Orders and instructs Defendants to timely comply and follow the orders of the Court in the future, to sanction Defendants by entering judgment on the issue of liability against Defendants would be too punitive. Further, by now, Plaintiff should have been able to obtain a deposition for Ms. Draves. While Plaintiff argues that a written transcript of a deposition is not a substitute for live testimony, testimony is frequently presented by deposition. Therefore, Plaintiff's motion for sanctions (Doc. 151) is **DENIED**.

C.  **Motion to Bar Defendants From Submitting Jury Instructions**

Plaintiff has also filed a motion to bar Defendants from submitting jury instructions in this case (Doc. 163). Plaintiff argues that Defendants failed to submit jury instructions twenty-one days before the trial scheduled on October 27, 2008, as required in the Pretrial Order (Doc. 129). However, the Court notes that the trial was reset for May 4, 2009. Therefore, Plaintiff's motion is **DENIED**. However, Defendants should have cooperated with Plaintiffs in the exchange of jury instructions. The trial was not reset until a few days before its scheduled start date of October 27, 2008, so Defendants should have exchanged jury instructions before the date on which the trial was reset. The Court finds, however, that the sanction of not allowing Defendants to submit instructions is disingenuous because it would put the burden on the Court to draft case neutral instructions since it is clear from the

advocacy demonstrated in the pre-trial motions that Plaintiff's counsel is incapable of doing so.

**IT IS SO ORDERED.**

Signed this 27th day of April, 2009.

/s/     *DavidRHerndon*

**Chief Judge**
**United States District Court**