IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**JOSEPH DOLE, #K-84446,**

**Plaintiff,**

**v.**

**CORRECTIONAL OFFICER CHANDLER, et al.,**

**Defendant.**                                    No. 04-61-DRH

**ORDER**

**HERNDON, Chief Judge:**

Now before the Court are two motions *in limine* filed by both Plaintiff and Defendants. Having reviewed the motions, the Court rules as follows:

**A.    Defendants' Motion *in Limine***

Defendants have filed a motion *in limine* seeking to bar Plaintiff from 1) testifying or presenting evidence of the investigation of the alleged assault upon Plaintiff by the Illinois State Police (ISP) and the Illinois Department of Corrections (IDOC); 2) testifying or presenting evidence which includes speculation of any witness as to the ultimate issue in the case; 3) testifying or presenting evidence of the alleged interference of the medical records by Jesse Canady; and 4) commenting or eliciting testimony about the death of Sgt. Butler (Doc. 149). Plaintiff has filed a response (Doc. 160).

As to the investigation of the alleged incident by ISP and IDOC, Defendant argues that the investigation was based on interviews with individuals who were not witnesses to the interaction and the interviews are hearsay. Defendants also argue that any testimony, based on speculation, as to the ultimate issue in this case should also be barred.

Plaintiff, on the other hand, argues that the reports are admissible as either a public record or business record. **FEDERAL RULE OF EVIDENCE 803(8)(c)** exempts "public records and reports" from the hearsay rule. Specifically, Rule 803(8)(c) exempts records which set forth "factual findings resulting from an investigation made pursuant to authority granted by law." *Id.* Plaintiff also argues that the Internal Affairs report is an admissible business record under Federal Rule of Evidence 803(6), which also applies in the prison context. **FED. R. EVID. 803(6).** *See also Wheeler v. Sims*, **951 F.2d 796 (1992)**. Plaintiff further notes that Defendants have provided no rule of evidence or case law barring Plaintiff from presenting evidence as to the ultimate issue in this case.

The Court agrees with Plaintiff. So long as the evidence or exhibits are admissible under **FEDERAL RULE OF EVIDENCE 803(6)** as a business record or is admissible under another exception to the hearsay rule, are factual in basis, and are not an expression of opinion, the Court will allow the evidence. Therefore, the Court **DENIES** Defendants' motion as to evidence and exhibits.

Defendants further request that the Court bar testimony regarding the

alleged bad acts of other individuals. Particularly, Defendants point to one of Plaintiff's witnesses, Jesse Canady who allegedly falsified his report of Plaintiff's injuries and removed the report of another medical professional. Defendants argue that they do not intend to call Canady as a witness and the missing report was rewritten. Plaintiff argues that the integrity of his medical records are relevant to the extent of the injuries. Plaintiff argues that the medical records may not be admissible at all depending on the Court's ruling on his motion for sanctions for violation of HIPAA (Doc. 150).

The Court notes that Plaintiff's motion for sanctions (Doc. 150) was denied. Plaintiff's medical records are thus admissible.

With respect to the issue of Canady's falsification of medical records, his actions may be irrelevant to the matter at bar, but there is insufficient information provided to the Court to make a decision and the Court will defer until further argument can be heard on the issue, outside of the hearing of the jury. No mention will be made to the jury pending a ruling on the issue.

As for Defendants' last request that Plaintiff should not be allowed to comment on the cause of Sgt. Butler's death, Plaintiff has admitted that he has no intention of introducing evidence regarding Sgt. Butler's death and thus does not object to Defendants' request. Therefore, the Court **GRANTS** Defendants' motion *in limine* as to testimony regarding Sgt. Butler's death.

Therefore, the Court **GRANTS IN PART AND DENIES IN PART** Defendants' motion *in limine* (Doc. 149).

B.  **Plaintiff's Motion *in Limine***

Plaintiff has also filed a motion *in limine* requesting that the court bar testimony regarding: the reason Mr. Dole hit Assistant Warden Frentzel; the nature and extent of the injuries received by Assistant Warden Frentzel; and Mr. Dole's invocation of his Fifth Amendment right against self-incrimination during his deposition when asked why he hit Assistant Warden Frentzel (Doc. 158). Defendants have filed a response to that motion (Doc. 162). Plaintiff has also filed a motion to strike Defendants' response (Doc. 164).

Plaintiff has filed a motion to strike Defendants' response, arguing that it was untimely because it was filed October 20, 2008, less than 10 days before trial and Defendants failed to request an extension of time to file their response. Defendants filed their response within 10 days of Plaintiff's motion *in limine*. The Court considers the response timely under Rule 7.1 of the Local Rules. **S.D. Ill. L.R. 7.1.** Therefore, the Court **DENIES** Plaintiff's motion to strike (Doc. 164).

In Plaintiff's motion *in limine*, Plaintiff first argues that Defendants should be barred from introducing evidence related to Plaintiff's invocation of his Fifth Amendment right against self-incrimination. Plaintiff further argues that the reason Plaintiff hit Assistant Frentzel is not relevant to Defendants' decision as to the amount of force that was necessary to restrain Plaintiff because Defendants did not know the reasons for Plaintiff's actions against Frentzel at the time of the alleged incident. Defendants, in turn, argue that they should be allowed to question Plaintiff

as to why he hit Assistant Warden Frentzel and draw negative inferences against Plaintiff if he refuses to answer. Defendants also argue that the reason behind Plaintiff's attack on Frentzel is relevant as it sheds light on the need for the amount of force used against Plaintiff.

The Court finds that Plaintiff's invocation of his Fifth Amendment right and the reason behind Plaintiff's attack on Frentzel are not relevant to any issue in this case. Neither does the Court find these incidents probative of any of the issues in this case. Therefore, the Court **GRANTS** Plaintiffs' motion *in limine* as to evidence related to his invocation of his Fifth Amendment right and the reasons behind his attack on Frentzel.

Plaintiff also asks that the Court bar Defendants from introduction of evidence related to the extent of Frenztel's injuries. Plaintiff argues that since none of the Defendants knew the extent of Frenztel's injuries at the time of the alleged incident against Plaintiff, Frenztel's injuries could not be relevant as to whether Defendants use of force constituted a good faith effort to maintain security. Defendants argue that the extent of Frenztel's injuries are relevant because it goes to Plaintiff's theory in the case, that Defendants were acting in retaliation for Plaintiff's attack on Frentzel, and because Plaintiff seeks punitive damages.

The Court agrees with Defendants that evidence of the extent of Frenztel's injuries are probative of the state of mind of the Defendants. The evidence is further probative of the potential security issues that Defendants had to deal with in regards to the incident. Therefore, the Court **DENIES** Plaintiff's motion *in limine*

as to evidence related to the extent of Frentzel's injuries.  Therefore, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiff's motion *in limine* (Doc. 158).

**IT IS SO ORDERED.**
Signed this 27th day of April, 2009.

/s/      *DavidRHerndon*

**Chief Judge**
**United States District Court**